**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY RUTH SMITH,
Plaintiff-Appellant,

v.

No. 95-2534

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-94-632)

Argued: September 24, 1996

Decided: November 5, 1996

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by published opinion. Judge Hamilton wrote the opinion, in
which Judge Ervin and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** William Lewis Botts, III, RAPPAHANNOCK LEGAL
SERVICES, Fredericksburg, Virginia, for Appellant. Lori Riye Kari-
moto, Assistant Regional Counsel, Office of the General Counsel,
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylva-
nia, for Appellee. **ON BRIEF:** Charlotte Hardnett, Chief Counsel,
Region III, Office of the General Counsel, SOCIAL SECURITY

ADMINISTRATION, Philadelphia, Pennsylvania; Helen F. Fahey, United States Attorney, Nicholas S. Altimari, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

## OPINION

HAMILTON, Circuit Judge:

On appeal, Mary Smith (Smith) challenges the district court's decision upholding the Commissioner of Social Security's (Commissioner)[1] final decision regarding her disability benefits and the necessity for a representative payee to manage her benefits. 42 U.S.C.A. §§ 401-1397e (West 1991). Concluding that the Commissioner's final decision that Mary Smith is entitled to supplemental security income (SSI) due to mental retardation and medically determined alcoholism is supported by substantial evidence, we affirm.

I.

On August 21, 1991, Smith submitted her initial application for disability benefits under the Act due to "back problems." After the Commissioner initially denied her application for benefits, Smith requested a hearing before an Administrative Law Judge (ALJ). That hearing was held on November 15, 1993, and on January 21, 1994, the ALJ issued the Commissioner's final decision. After making only passing reference to Smith's alleged back problems, the ALJ determined that Smith was disabled due to mental retardation and alcohol dependence. Thus, the ALJ concluded that Smith met the requirements of Listing 12.05C of the Listing of Impairments, contained in 20 C.F.R. pt. 404, subpt. P, app. 1 (1994).[2] Because the ALJ found

_____

[1] On March 31, 1995, the Social Security Administration became an independent agency, separating from the Department of Health and Human Services. Under section 106(d)(2) of the Social Security Independence and Program Improvement Act, Pub. L. No. 103-296, 108 Stat. 1464, 1477, Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services in all social security cases.

[2] In order to be determined disabled, that listing requires, in relevant part, "A valid verbal performance or full scale IQ of 60 through 70 and

2

Smith disabled due to her mental retardation, with alcohol dependence providing the necessary additional work related limitation, the ALJ concluded that the payment of Smith's benefits must be made to a representative payee as required by 42 U.S.C.A.§§ 1382(e)(3)(A), 1383(a)(2)(A) (West 1991), and 20 C.F.R. § 416.610(a)(3) (1993).

Believing that she is not an alcoholic and that she should have been declared disabled due to the combination of her mental retardation and back problems, Smith sought further review. On June 23, 1994, the Appeals Council of the Social Security Administration denied Smith's request for review of the ALJ's decision after considering additional evidence. This evidence included statements from several of Smith's creditors and an evaluation by her "Mental Health Homebuilder," Barbara H. Lacey, all to the effect that no representative payee was necessary for Smith because she could adequately manage her family's resources.

Soon thereafter, Smith filed a complaint in the United States District Court for the Eastern District of Virginia, seeking judicial review of the Commissioner's final decision. The district court referred the matter to a magistrate judge for the preparation of a report and recommendation. The magistrate judge recommended to the district court that the Commissioner's final decision be affirmed. On June 15, 1995, the district court rejected Smith's objections to the magistrate judge's report and recommendation and adopted the magistrate judge's proposed opinion and order. Smith timely appeals from the district court's decision and has attached a recent alcohol dependency evaluation to support her view that she should never have been declared a medically determined alcoholic.

II.

As an initial matter, we must address the Commissioner's contention that we are without jurisdiction to entertain this appeal. Characterizing Smith's appeal as a challenge to the requirement that Smith's

---

a physical or other mental impairment imposing additional and significant work related limitation of function." 20 C.F.R. pt. 404, Listing 12.05C.

3

benefit checks be channeled through a representative payee, the Commissioner contends that Smith erroneously asks this court to overturn a statutorily required determination. See 42 U.S.C.A. § 1383(a)(2)(A) and 20 C.F.R. § 416.610(a)(3).**3**

Pursuant to 42 U.S.C.A. § 1383, payment to a representative payee is required when an individual has been declared a medically determined alcoholic, and such a declaration is unreviewable by this court. See 20 C.F.R. § 416.1402(d) (Determinations regarding the assignment of a representative payee are reviewable unless that assignment is made because the claimant is a medically determined alcoholic or drug addict.); see generally, Califano v. Sanders, 430 U.S. 99, 108 (1977). Accordingly, we would indeed be without jurisdiction to entertain this appeal if the Commissioner is correct about the nature and scope of Smith's complaint. Contrary to the Commissioner's assertions however, the appellant does not concede she is an alcoholic. Rather, she posits that the Commissioner's ruling that she was an alcoholic in 1994 was not supported by substantial evidence. Unlike the appointment of a representative payee for a conceded alcoholic, the finding that one is an alcoholic at all is a "final decision of the [Commissioner] made after a hearing . . . ," 42 U.S.C.A. § 405(g) (West 1991), and thus is appealable,**4** see 20 C.F.R. § 416.1402(g).

_____

**3** In 1994, Congress enacted the Social Security Independence and Program Improvement Act of 1994 (the Independence Act), Pub. L. No. 103-296, 108 Stat. 1464, which became effective August 15, 1994. As a part of the Independence Act, 42 U.S.C.A. #8E8E # 405, and 1383 were amended to clarify the necessity of providing a representative payee to a person disabled because of alcoholism or drug addiction. However, neither party contests the fact that even prior to August 15, 1994, § 1383 required that all disability payments to a medically determined alcoholic be made to a representative payee.

**4** Smith's undertaking in this regard is risky at best. The ALJ specifically concluded that Smith was disabled due to a combination of her mental limitations and alcoholism. If the latter were removed from the equation because we found no substantial evidence to support the Commissioner's final decision, absent some other contributing significant physical limitation, Smith would no longer meet the definition of a disabled individual and would not be entitled to any benefits. Smith falls back on her initial contention that her disability is due to chronic back

4

III.

Having disposed of the Commissioner's challenge to our appellate jurisdiction, we now turn to the crux of Smith's appeal. Smith contends that her disability does not stem from a combination of mild mental retardation and alcoholism as the ALJ found, but rather, stems from mild mental retardation and discogenic back difficulties. Therefore, she asserts that she does not require a representative payee. See 42 U.S.C.A. § 1383(a)(II)(A).

The ALJ's decision must be upheld if it is supported by substantial evidence in the record. See Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance. See Laws v. Celebreeze, 368 F.2d 640, 642 (4th Cir. 1966). We must sustain the ALJ's decision, even if we disagree with it, provided the determination is supported by substantial evidence and thus, would be enough to justify a refusal to direct a verdict in a jury trial. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); see also Laws, 368 F.2d at 642. The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court. See Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993).

Neither party disputes the fact that Smith has a full scale IQ of sixty-eight, a verbal IQ of sixty-six, a performance IQ of seventy-five, and has been properly classified as "mildly mentally retarded" within the meaning of 20 C.F.R. pt. 404, Listing 12.05C. However, in order to be found disabled according to the Listing of Impairments found

_____

pain. She finds support in the Commissioner's final decision in the following statement, "Reinforcing this conclusion are the claimant's chronic low back pain and discogenic disease." (Record, 25) However, because we find the conclusion that Smith is a medically determined alcoholic supported by substantial evidence for the reasons noted infra, we need not decide whether the ALJ's failure to base a disability finding on lower back pain is supported by substantial evidence.

in 20 C.F.R. pt. 404, the claimant must be suffering from some work disturbing condition in addition to being mildly retarded. Here, the ALJ found such a contributing factor in Smith's history of alcohol dependence. Pursuant to this finding, Smith's benefits must be funneled through a representative payee. See 42 U.S.C.A. §§ 1383(a)(2)(A), and 1382(e)(3)(A) (A representative payee must be found in the case of any individual who is a medically determined alcoholic or drug addict.).

Smith, however, claims that the ALJ's finding of alcoholism was in error because she has demonstrated the ability to control her use of alcohol over the past three years. In support of her claim, Smith notes that she has successfully managed over $1900 a month in SSI benefits which she receives as the representative payee for her children. Additionally, Barbara Lacey, Smith's "Mental Health Home-builder," submitted an affidavit indicating that in her opinion, Smith has abstained from alcohol use since late 1991. That conclusion is echoed by Amanda Scott, Smith's welfare caseworker. Further, Smith introduced evidence from her various creditors showing that she paid her bills on time.[5] In light of the above cited evidence, Smith makes a strong claim that her alcohol abuse has been in full remission since

―――――――――――――――――――――――――――――――――――――――――

[5] Smith also submitted additional evidence to the district court (evidence not submitted during the administrative proceedings) that she contends should have been considered in reviewing her case or, in the alternative, that called for the district court to remand her claims to the ALJ for further consideration. This evidence consisted of a chemical dependency evaluation, completed on July 27, 1994, showing that she had not been using alcohol since late 1991.

The district court did not err by refusing to consider this additional evidence or by refusing to remand the case so the ALJ could do so. First, in determining whether the ALJ's decision is supported by substantial evidence, a district court cannot consider evidence which was not presented to the ALJ. See United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-15 (1963). Second, the additional evidence was not new or material, and therefore, did not warrant remand here. See 42 U.S.C.A. § 405(g) (West Supp. 1996) (The district court may only order additional evidence to be taken before the Commissioner upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.).

6

late 1991. However, the test is not whether we agree with the ALJ's decision after taking a fresh look at Smith's assertions, but whether the ALJ's decision is supported by substantial evidence. See Smith, 795 F.2d at 345. Here, it is clear that such evidence exists in the record.

During her appearance before the ALJ, Smith testified that in the past, she would drink a case of beer plus an unknown quantity of whiskey every week. In addition, a chemical dependence evaluation indicates that Smith can go for long periods of time without drinking, but that once she starts drinking again, she cannot stop. Moreover, Smith has a long history of alcohol related legal difficulties including several DUI convictions, numerous drunk in public citations, and a time period during which her children were removed from her care. Even though all of these incidents occurred prior to the latter half of 1991, they more than adequately support the Commissioner's decision that Smith is a medically determined alcoholic, especially in light of the fact that Smith can apparently hide her drinking and has long, intermittent periods of complete sobriety sandwiched between drinking binges. It is clear, therefore, that substantial evidence supports the ALJ's findings, and we must affirm. In light of our holding, Smith must receive her benefits through a representative payee. Further, because substantial evidence supports the ALJ's decision as rendered, we need not reach the question of whether Smith's discogenic back problems render her disabled in the absence of her alcoholism.

IV.

Having decided the central issue presented on appeal, we now address two collateral consequences presented by the stance the Commissioner has taken throughout the course of this litigation. First, Smith has never actually received a benefit check, though it has been fully determined she is entitled to SSI, because no representative payee has ever been found. Second, the Commissioner has taken the incongruous position that although Smith needs a representative payee to receive her own SSI benefit checks, Smith can continue to act in a representative payee capacity for four of her children.

The Commissioner defends the fact that no representative payee has ever been found for Smith by relying on the Ninth Circuit case

7

of <u>Briggs v. Sullivan</u>, 954 F.2d 534 (9th Cir. 1992). After analyzing the language of 42 U.S.C.A. § 1383(a)(2)(A) and 20 C.F.R. § 416.650, the Ninth Circuit concluded that the Commissioner has no statutory duty to find a representative payee for recipients of Title XVI benefits whose disability is related to alcohol abuse. <u>Id.</u> at 540-41. Even if we were to adopt the Ninth Circuit's reasoning, we find the Commissioner's desire to wipe her hands of Smith's case deserving of some reproach. In the face of Smith's moderate difficulty encountered when trying to locate a representative payee, the Commissioner has apparently abandoned all efforts to assist Smith by finding some willing organization or individual to serve in a representative capacity.

Apparently, the Commissioner feels that her only obligation is to screen the applicants submitted by Smith according to § 1383. Such a stance flies directly in the face of the Social Security Administration's entire purpose, which is to make sure that disabled persons receive public assistance. The Social Security Administration's role in insuring that disabled persons receive benefit checks is underscored by the permissive language of 20 C.F.R. § 416.650, which indicates that the Commissioner will at least <u>try</u> to find a representative payee. With that in mind, leaving Smith to languish, completely deprived of her entitled SSI payments, without offering her any aid whatsoever in securing a suitable representative payee, cannot be what Congress envisioned as the Commissioner's proper role in this regard.

The Commissioner's incongruous position of allowing Smith to remain a representative payee for her children's SSI checks, while Smith herself has been found to need a representative payee in her own right, makes even less sense. Although not apparently violative of any specific provision of 42 U.S.C.A. §§ 405(j), or 1383, the general tenor of the statute and accompanying regulations bears out the proposition that a medically determined alcoholic or drug addict cannot act in a representative capacity for the receipt of another's benefits. <u>See e.g.</u>, 20 C.F.R. § 416.620(e) ("In making our selection [for representative payee status] we consider --[w]hether the potential payee is in a position to know of and look after the needs of the beneficiary."). In short, Smith could misdirect her children's money just as easily as her own.

V.

For the reasons stated in this opinion we find that we have jurisdiction over this appeal. We also find that the Commissioner's final decision of disability based on the combined effects of Smith's mental retardation and alcoholism is supported by substantial evidence. We further find no reason to remand this case to the district court for consideration of Smith's untimely submitted evidence. Accordingly, we affirm, with the carefully considered admonishments noted above.

AFFIRMED

9