**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY R. LOWREY,
Plaintiff-Appellant,

v.

No. 96-2832

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph R. McCrorey, Magistrate Judge.
(CA-95-2689-3-1BC)

Submitted: July 1, 1997

Decided: August 15, 1997

Before HALL, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

A. Paul Weissenstein, Jr., WEINBERG, BROWN & MCMILLAN,
Sumter, South Carolina, for Appellant. Frank W. Hunger, Assistant
Attorney General, J. Rene Josey, United States Attorney, Mary Ann
Sloan, Chief Counsel, Region IV, Mack A. Davis, Acting Deputy
Chief Counsel, Holly A. Grimes, Assistant Regional Counsel, Renata
D. Turner, Assistant Regional Counsel, Office of General Counsel,
Region IV, SOCIAL SECURITY ADMINISTRATION, Atlanta,
Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Mary R. Lowrey appeals the order of a magistrate judge affirming the Commissioner's decision denying her application for widow's insurance benefits. On appeal, she challenges whether substantial evidence supported the administrative law judge's ("ALJ") decision that her birth record was preferred evidence of her age and that it outweighed all other evidence. Finding no reversible error, we affirm.

Judicial review is limited to determining whether substantial evidence supported the ALJ's decision and whether he applied the correct law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). It is the ALJ's responsibility to resolve conflicts in the evidence; not the reviewing court's. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

In the present case, we find that the magistrate judge properly determined that substantial evidence supported the ALJ's decision and that he applied the correct law. Lowrey's birth record constituted "preferred evidence" pursuant to 20 C.F.R. § 404.716 (1996), which was conclusive absent substantial evidence casting doubt as to its accuracy. The ALJ analyzed this aspect of the issue in great detail and properly found that the evidence presented by Lowrey was insufficient to refute the accuracy of the birth record. Since substantial evidence supports the ALJ's determination that Lowrey was not yet sixty years old, the magistrate judge did not err in affirming the decision.

We therefore affirm the order of the magistrate judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED