**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SANDRA SMITH,SSN: 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,
Plaintiff-Appellant,

v.

No. 97-1749

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CA-96-100-A)

Submitted: November 18, 1997

Decided: December 8, 1997

Before ERVIN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph E. Wolfe, WOLFE & FARMER, Norton, Virginia, for Appel-
lant. James A. Winn, Chief Counsel, Region III, Patricia M. Smith,
Deputy Chief Counsel, Margaret J. Krecke, Assistant Regional Coun-
sel, Office of the General Counsel, SOCIAL SECURITY ADMINIS-
TRATION, Philadelphia, Pennsylvania; Robert P. Crouch, Jr., United
States Attorney, Julie C. Dudley, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Sandra K. Smith appeals the district court judgment and order affirming the Commissioner's decision denying her application for disability insurance benefits. Appellant, a high school graduate who worked for ten years as a cashier, challenges whether substantial evidence supported the administrative law judge's ("ALJ") decision. Finding no reversible error, we affirm.

Our review is limited to determining whether substantial evidence supported the ALJ's decision and whether he applied the correct law. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). It is the ALJ's responsibility to resolve conflicts in the evidence; not the reviewing court's. See Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

In the present case, we find that the district court properly determined that substantial evidence supported the ALJ's decision and that he applied the correct law. There was sufficient evidence to find that Appellant's degree of mental impairment did not meet the required severity under 20 C.F.R. Pt. 404, Subpt. P, App. 1,§ 12.04 (1997). Dr. Eden's report was not entitled to controlling weight because it was not supported by clinical or laboratory findings. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (1997). On the other hand, Dr. Savage's assessment was based upon clinical and laboratory findings considered in conjunction with the Appellant's developmental history. Furthermore, there was no evidence to support a finding that Appellant's diabetes was disabling. Finally, in setting out the hypothetical for the vocational expert, the ALJ listed Smith's limitation with regard to her ability to engage in nothing greater than light work and her emotional limitations as reported by Dr. Savage. The discussion concerning alternative occupations with the vocational expert was premised on a profile that included both physical and psychological

elements. Furthermore, the ALJ's conclusion that Smith had a resid-
ual functional capacity to perform certain jobs was based upon a com-
bination of Smith's physical and psychological limitations.
Accordingly, we find that there was substantial evidence to support
the ALJ's determination.

We therefore affirm the order of the district court. We dispense
with oral argument because the facts and legal contentions are ade-
quately presented in the material before the court and argument would
not aid the decisional process.

AFFIRMED

3