**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROGER J. COTTON,
Plaintiff-Appellant,

v.

No. 96-2639

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court for the
Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CA-95-912-5)

Submitted: October 14, 1997

Decided: December 15, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger D. Forman, FORMAN & CRANE, L.C., Charleston, West Vir-
ginia, for Appellant. James A. Winn, Chief Counsel, Region III, Anne
von Scheven, Assistant Regional Counsel, Office of the General
Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia,
Pennsylvania; Rebecca A. Betts, United States Attorney, Carol A.
Casto, Assistant United States Attorney, Charleston, West Virginia,
for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roger J. Cotton appeals the district court's order upholding the decision by the Commissioner of Social Security that he is a medically determined alcoholic with limited intellectual functioning and therefore entitled to disability insurance benefits and supplemental security income. Cotton concedes that he is an alcoholic, but argues that his disability should be based on his intellectual functioning and his alleged back problems. We affirm.

Cotton claimed disability based on back and hip problems and an injury to his eyes. After his applications were denied initially and on reconsideration, Cotton requested a hearing before an ALJ, who issued a decision fully favorable to Cotton. Evidence in the record reveals that Cotton had habitually drunk between twelve and twenty-four beers a day for sixteen years and a half-gallon of whiskey on weekends for fourteen years. The medical expert who testified at the hearing stated that Cotton's IQ fell between 60 and 70. The ALJ concluded that Cotton was a medically determined alcoholic, see 20 C.F.R. § 416.935 (1997). Given Cotton's limited intellectual capacity and his alcoholism, which was a significant work-related limitation of function, the ALJ concluded that he was disabled under 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05(C) (1993). The ALJ only briefly mentioned Cotton's arthritis in his back.

The Appeals Council upheld this decision, which became the final decision of the Commissioner. Cotton then filed a complaint in district court. A magistrate judge recommended upholding the Commissioner's decision. Over Cotton's objections, the district court adopted the recommendation.

Cotton now appeals. He concedes his alcoholism and borderline intellectual functioning, but insists that the Commissioner should

2

have considered whether he is disabled independent of his alcoholism. We must uphold the Commissioner's decision if substantial evidence supports it and the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1997); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

In Smith v. Chater, 99 F.3d 635 (4th Cir. 1996), we confronted facts similar to those before us now. In that case, as here, Smith was determined to be disabled under Listing 12.05(C) because of mental retardation and alcoholism. The ALJ made "only passing reference to Smith's alleged back problems." Id. at 636. Smith, like Cotton, wished to have her disability based not on mental retardation and alcoholism, but retardation and back problems. We found that, because substantial evidence supported the determination that Smith was a medically determined alcoholic, it was unnecessary to "decide whether the ALJ's failure to base a disability finding on lower back pain [was] supported by substantial evidence." Id. at 637 n.4.

Under Smith, then, if substantial evidence supports the finding that Cotton is a medically determined alcoholic of low intellectual functioning, we need not address his claim of a disabling back condition. He concedes his alcoholism, and psychologists reported that his test scores on several IQ tests ranged between 69 and 73. The test results may have been depressed because Cotton was under the influence of alcohol when the tests were administered; however, the medical examiner testified that he felt that Cotton's scores met or equaled those required by Listing 12.05(C). See 20 C.F.R. § 404.1520(d) (1997). Given his alcoholism, the test scores, and testimony, substantial evidence supports the Commissioner's finding.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED