**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CRYSTAL T. BROWN, for Sophia E.
McCurdy,
        *Plaintiff-Appellant,*

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
        *Defendant-Appellee.*

No. 00-2236

Appeal from the United States District Court
for the District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-99-188-1)

Submitted: March 16, 2001

Decided: March 29, 2001

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

### COUNSEL

Amy L. Cox, COX, GAGE & SASSER, Morganton, North Carolina,
for Appellant. Mark T. Calloway, United States Attorney, Clifford C.
Marshall, Assistant United States Attorney, Asheville, North Caro-
lina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Crystal T. Brown appeals the district court's order upholding the Commissioner of Social Security's[1] denial of her claim for Supplemental Security Income ("SSI") on behalf of her minor daughter, Sophia. The district court granted summary judgment upon finding that there was substantial evidence to support the Commissioner's determination that Sophia's asthma was not severe enough to meet the medical listing in 20 C.F.R. Ch. III Pt. 404, Subpt. P, App. 1 § 103.03C (2000), so as to constitute a medically determinable impairment within the meaning of 42 U.S.C.A. § 1832c(a)(3)(C) (West Supp. 2000). Having reviewed the briefs, record and materials supplied in the joint appendix, for the following reasons, we vacate and remand.

This Court's review of a denial of SSI benefits is limited to whether substantial evidence supports the Commissioner's decision and whether the correct legal standard was applied. *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is more than a mere scintilla, but may be less than a preponderance, and means such evidence as a reasonable mind might find adequate to support a conclusion. *Smith v. Chater*, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotations omitted). In reviewing an administrative record for substantial evidence, it is inappropriate to reweigh the evidence, resolve conflicts, decide questions of credibility, or supplant the Commissioner's judgment. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Additionally, although it is within the exclusive province of the Commissioner to resolve conflicts in the evidence, the Commissioner is obliged under both the Social Security Act, 42 U.S.C.A.

---

[1] When, as here, the Appeals Council declines to overturn the decision of an ALJ, it becomes the final decision of the Commissioner. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992).

§ 405(b) (West Supp. 2000), and the Administrative Procedure Act, 5 U.S.C. § 557(c) (1994), to include an explanation of what evidence, or inferences drawn therefrom, were relied on in arriving at a decision. *See Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986).

The ALJ's written decision denying Sophia benefits under the SSI program fails to identify what evidence or inferences justified that determination. Although the ALJ stated that Sophia was not on a nocturnal bronchodilator for the purposes of meeting the medical listing for childhood asthma in § 103.03C,[2] the ALJ's decision does not specify what evidence or legal standards he relied on in reaching this conclusion. Consequently, we are unable to determine whether the finding is supported by substantial evidence or is in accordance with the law. Under these circumstances, remand is appropriate so that the ALJ may explain his findings. *See id.* at 1174; *see also Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 191 (4th Cir. 2000).

Accordingly, we vacate the order of the district court, and remand with instructions to remand to the ALJ for further proceedings in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*VACATED AND REMANDED*

---

[2]The ALJ recognized that but for this failure, Sophia would otherwise have met the requirements of § 103.03C.