UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

HARLEY V. MCCARTNEY,
　　　　　*Plaintiff-Appellant,*

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,
　　　　　*Defendant-Appellee.*

No. 01-1439

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CA-99-142)

Argued: December 4, 2001

Decided: February 7, 2002

Before WIDENER and LUTTIG, Circuit Judges, and
Joseph R. GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Susan Kipp McLaughlin, MCLAUGHLIN & CURRY,
Fairmont, West Virginia, for Appellant. Patricia Anne McCracken,
Assistant Regional Counsel, Office of the General Counsel, SOCIAL
SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for
Appellee. **ON BRIEF:** James A. Winn, Regional Chief Counsel,

Region III, Patricia M. Smith, Deputy Chief Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Patrick M. Flatley, United States Attorney, Helen Campbell Altmeyer, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Harley V. McCartney, complaining of a variety of physical and psychological ailments, filed an application for disability insurance benefits. After a hearing, the Administrative Law Judge found that McCartney was not "disabled" within the meaning of Title II of the Social Security Act, 42 U.S.C. §§ 401-433. McCartney then challenged that finding by filing suit in federal district court. The district court granted summary judgment in favor of the Social Security Administration Commissioner, and McCartney appeals.

I.

Pursuant to regulations promulgated to implement the Social Security Act, the ALJ must complete a five-step evaluation in determining whether one is entitled to social security disability benefits. 20 C.F.R. § 404.1520. Pursuant to that prescribed procedure, the ALJ found that McCartney (1) had not engaged in substantial gainful activity since June 15, 1992; (2) suffered from Post Traumatic Stress Disorder, Wolf Parkinson White Syndrome, back pain and flat feet; but (3) did not suffer an impairment or combination of impairments that met or equaled the criteria of any of the relevant listings of impairments; (4) was able to perform his work as a production inspector; and (5) was also able to work as unarmed security guard. Tr. 21-

23.[1] Accordingly, the ALJ denied McCartney's application for benefits.

## II.

McCartney challenges the adequacy of the ALJ's analysis at step three, that is, the ALJ's determination that McCartney did not meet the requirements of Listing 12.06, which is one of the Listings of Impairments that step three references. McCartney also asserts that the district court afforded the ALJ's findings undue deference.

## A.

McCartney complains that the ALJ failed to review medical evidence pertinent to step three of the analysis, and that the ALJ's "step four analysis of the evidence cannot be substituted for the detailed analysis of the evidence in comparison to Listing 12.06 that is required by this case." Br. of Appellant, at 18. McCartney also appears to argue that, had the ALJ carefully examined all the presented evidence, he would have found that McCartney satisfies the step three requirements.

As a threshold matter, the issue before this court is not whether substantial evidence supports McCartney's claim for benefits, but whether substantial evidence supports the Commissioner's final decision. *Smith* v. *Chater*, 99 F.3d 635, 637 (4th Cir. 1996) (citing *Richardson* v. *Perales*, 402 U.S. 389, 401 (1971)). As to McCartney's unsubstantiated claim that the ALJ must have analyzed the medical evidence at step three, rather than at step four, we agree with the district court that the ALJ need only review medical evidence once in his decision. In step four, the determination of residual functional capacity, the ALJ did in fact thoroughly examine McCartney's physical and psychological limitations, including his ailments, their effect on his daily activities, the effectiveness of medications, and other functional restrictions. Tr. 16-20.

Not only did the ALJ examine relevant medical evidence at step

---

[1]"Tr." refers to the administrative record transcript.

four, but more importantly, the ALJ also completed the required psychiatric review form, which tracks the requirements of the Listings used at *step three*. That form outlines the steps the ALJ takes to evaluate whether McCartney's mental impairment meets those requirements. Tr. 24-26. The ALJ found that McCartney did not meet the requirements at step three, that is, the requirements of Listing 12.06. That listing ("anxiety related disorders") is met when the claimant presents evidence of both parts A and B under that listing.[2] The ALJ determined that anxiety-related disorders caused McCartney to have only "slight" restrictions of his activities of daily living and only "slight" difficulties in maintaining social functioning. Tr. 25; *see also* Tr. 20 (the ALJ's decision). "*Slight*" impairment does not amount to a "*marked*" difficulty as required by subparts B(1) and B(2) of the Listing. Because McCartney could not satisfy (1) and (2) of Part B, he had to show evidence of (3) and (4). However, the ALJ concluded that there is no medical evidence of "deficiencies of concentration," as required by subpart B(3), or "repeated episodes of deterioration," as per B(4). Tr. 25. Because the record is clear that the ALJ analyzed

---

[2]12.06 Anxiety Related Disorders:

   The required level of severity for these disorders is met when the requirements in both A and B are satisfied . . . .

   [Subpart A requires medically documented findings of persistent anxiety, or persistent irrational fear and the like,]

   B.   Resulting in at least two of the following:

   1.   *Marked* restriction of activities of daily living; or

   2.   *Marked* difficulties in maintaining social functioning; or

   3.   Deficiencies in concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

   4.   Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

      . . .

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.06 (emphasis added).

McCartney's conditions through the prism of Listing 12.06, we reject McCartney's claim that the ALJ's decision was procedurally inadequate.

Furthermore, as evidenced by the psychiatric review form and by the ALJ's decision, there was sufficient evidence to support the ALJ's determination that McCartney did not meet Listing 12.06. McCartney claims that the evidence shows that his PTSD meets part B of Listing 12.06 because he has three of the four listed conditions and part B requires only two. McCartney claims that he has marked difficulty maintaining social functioning (as required under B(2)), experiences frequent deficiencies in concentration (as required under B(3)), and repeated episodes of deterioration in work settings (as required under B(4)). However, the record shows that even after McCartney began to exhibit symptoms of PTSD, McCartney functioned adequately in work settings at a managerial level from 1990 until he volunteered for a layoff in 1992. Thus, at the very least, he does not meet the requirements of B(3) and B(4).

The ALJ also found, relying on medical evidence, that McCartney's impairments are not "marked," but "slight." Having reviewed the record and McCartney's submissions, we conclude that McCartney has not demonstrated that the evidence is insufficient for "a reasonable mind [to] accept [the ALJ's] conclusion [that McCartney does not satisfy Part B criteria]," *Richardson* v. *Perales*, 402 U.S. 389, 401 (1971).

## B.

McCartney makes a catch-all claim that the district court accorded undue deference to the ALJ's credibility findings, such as the ALJ's determination that McCartney lives in rural West Virginia by choice, not because of his mental condition and fears, and that McCartney's symptoms are not credible because he refused to increase the dosage of his medication. However, the district court properly reviewed the ALJ's decision, requiring that the ALJ's findings be supported by "specific references to the evidence upon which [the ALJ] bases his decision." J.A. 60 (citing *See* v. *Washington Metro. Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994)). The district court also evaluated the ALJ's explanations of his findings, including the weight the ALJ ulti-

mately accorded to the conflicting opinions of Drs. Ongjoco and Agnani. The district court concluded that Dr. Ongjoco's opinion was "not only a trespass on an issue [the determination of disability] expressly reserved for the Commissioner but also was less consistent with the other evidence of record." J.A. 65. In sum, the district court accorded proper level of deference to the ALJ's decision.

## CONCLUSION

For the reasons stated, the judgment of the district court is affirmed.

*AFFIRMED*