**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1665**

SEWELL COAL COMPANY,

Petitioner,

versus

GERALD TRIPLETT; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,

Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(05-0615-BLA)

Argued: September 27, 2007          Decided: November 7, 2007

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Petition denied; Board order affirmed by unpublished per curiam
opinion.

**ARGUED:** Douglas Allan Smoot, JACKSON & KELLY, P.L.L.C., Morgantown,
West Virginia, for Petitioner.  S. F. Raymond Smith, JULIET RUNDLE
& ASSOCIATES, Pineville, West Virginia, for Respondents.  **ON BRIEF:**
Ashley M. Harman, William S. Mattingly, JACKSON & KELLY, P.L.L.C.,
Morgantown, West Virginia, for Petitioner.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following multiple hearings and agency decisions, the Benefits Review Board of the Department of Labor ("Board") awarded black lung benefits to Gerald Triplett on April 26, 2006. On appeal, Sewell Coal Company ("Sewell") contends that the Board erred in affirming the Administrative Law Judge's ("ALJ") determinations regarding the experts' testimonies and the ALJ's conclusion that Triplett had an 18-pack year history[1] and that pneumoconiosis substantially contributed to his disability. For the reasons that follow, we deny the petition and affirm the Board's decision.

I.

For thirty-two years, Gerald Triplett worked in coal mines for Sewell. Before retiring in 1984, Triplett primarily worked underground as a belt examiner, a job that required him to walk in coal dust. Triplett smoked cigarettes for several years. Around 1977, he began experiencing shortness of breath. Over time, his condition deteriorated and his treating physician, Dr. Durham, diagnosed him as suffering from totally disabling respiratory or pulmonary impairment.

---

[1]"Pack year" means the number of years during which an individual has smoked a pack of cigarettes per day. For example, a person who smokes one pack a day for 10 years has a 10-pack year history. A person smoking half a pack per day for 10 years has a 5-pack year history.

On April 1, 1998, Triplett sought benefits under the Black Lung Benefits Act ("BLBA") for his disability. Initially, the District Director denied the claim. However, an ALJ held a hearing and awarded Triplett benefits. The ALJ found Triplett totally disabled due to respiratory disease caused, at least in part, by coal workers' pneumoconiosis. The ALJ comprehensively reviewed the medical evidence presented by both parties and the testimony of Triplett. The medical records and doctors' opinions were divided into two groups. One opining that both cigarette smoking and coal mine dust caused Triplett's disability and that coal mine dust was the significant contributing cause, and other opining that cigarette smoke was the only cause.

Triplett testified that he began smoking a pack or a little over a pack a day in 1946 and quit in 1964. His testimony conflicted with several medical records, which stated that he smoked extensively for twenty-five, twenty-eight, or even over thirty years. On cross-examination, Triplett conceded that medical history reports indicating he smoked about one and one-half packs of cigarettes a day could be accurate. After reviewing this evidence, the ALJ credited those who believed coal mine dust substantially contributed to Triplett's disability and awarded benefits. Sewell appealed to the Board.

The Board vacated the award and remanded to the ALJ for the following reasons: (1) to reconsider the evidence; (2) more fully

explain his weighing of the conflicting medical opinions; (3) determine the exact length of Triplett's smoking history; and (4) explain the weight given to Dr. Durham's opinion.

On remand, the ALJ again awarded benefits. Specifically, the ALJ found that Triplett established by a preponderance of the evidence an 18-pack per year smoking habit ending in 1964; that even though Triplett's radiological evidence was negative for pneumoconiosis, well-reasoned medical opinion supported Triplett's claim; and the medical opinions of Drs. Durham and Rasmussen were generally more reasoned and supported by objective medical evidence than Sewell's doctors, Drs. Bellotte and Branscomb, who contended that cigarette smoking--not pneumoconiosis--was the sole cause of Triplett's disability.

Subsequently, the Board vacated the award and remanded to the ALJ a second time to reconsider the medical opinion evidence and smoking history. Once again, the ALJ awarded benefits. The Board affirmed the ALJ's finding that Triplett had an 18-pack year smoking history but vacated the award and remanded to the ALJ to reconsider whether pneumoconiosis caused Triplett's respiratory disability.

On the third remand, the ALJ specifically stated that he attributed more weight to Drs. Durham's and Rasmussen's medical opinions because they were not solely based on the chest x-ray evidence Drs. Bellotte and Branscomb relied upon. The Board

-4-

affirmed the award of benefits.  Sewell filed a timely petition for review.

## II.

We review the Board's order by "undertak[ing] an independent review of the record" to determine whether the ALJ's findings of fact are supported by substantial evidence.  Island Creek Coal Co. v. Compton, 211 F.3d 203, 207 (4th Cir. 2000).  Substantial evidence consists of more than a scintilla of evidence; "it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id. at 208 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  So long as the ALJ's conclusions are supported by substantial evidence, the ALJ's decision must be sustained, even if we disagree with it.  Smith v. Chater, 99 F.3d 635, 637-38 (4th Cir. 1996). *De novo* review applies to the Board's and ALJ's legal conclusions. Compton, 211 F.3d at 208.

## III.

Sewell raises four objections to the Board's affirmation of the ALJ's decision.  We address each in turn below.

### A.

Sewell contends that the ALJ's finding that Dr. Bellotte's medical opinion was contrary to the BLBA is not supported by substantial evidence.  After examining and testing Triplett, Dr. Bellotte concluded that even though Triplett had significant coal

-5-

mine dust exposure that could cause pneumoconiosis, the medical evidence indicated he suffered from chronic obstructive pulmonary disease ("COPD") with chronic bronchitis, emphysema, old granulomatous lung disease, chest wall trauma, and asthma. Dr. Bellote supported his conclusions by citing to Triplette's x-rays, blood gas samples, and objectively measured symptoms, which indicated he had a severe type of disabling chronic obstructive pulmonary disease brought on by naturally occurring asthma and cigarette induced lung disease.

The ALJ disagreed with Dr. Bellotte's opinion that coal worker's pneumoconiosis cannot manifest a disabling obstructive impairment, an opinion which is contrary to the law. Sewell maintains that the ALJ mischaracterized and improperly discredited Dr. Bellott's testimony as hostile to the BLBA.

A physician's opinion may be discredited when it is based "on a premise fundamentally at odds with the statutory or regulatory scheme." Lane v. Union Carbide Corp., 105 F.3d 166, 173 (4th Cir. 1997). And, it is well-settled that chronic obstructive lung disease is encompassed in the legal definition of pneumoconiosis. Thus, the ALJ correctly concluded that an obstructive impairment, such as COPD, may be considered regulatory pneumoconiosis.

However, Dr. Bellotte only stated that he would not expect a pneumoconiosis patient to have an obstructive pulmonary impairment as severe as Triplett's. He did not state that COPD arising from

coal mine dust can never be disabling or that as a general rule coal dust exposure cannot cause disabling obstructive impairment. "[O]nly the latter assumption would qualify as an opinion 'antithetical' to the [BLBA]." Lane, 105 F.3d at 173. To the contrary, Dr. Bellotte made qualified statements and based his opinion on Triplett's specific case--not general assumptions. See Stilner v. Island Creek Coal, Co., 86 F.3d 337 (4th Cir.1996). The ALJ improperly discredited Dr. Bellotte's opinion on this basis.

Notwithstanding this, we do not vacate the ALJ's award because the ALJ did not discredit Dr. Bellott's opinion on this basis alone. After thoroughly reviewing and considering Dr. Bellotte's testimony, the ALJ discredited Dr. Bellotte's opinion because the ALJ found that Dr. Bellott's opinion relied too heavily on x-ray evidence and pulmonary function studies. The ALJ reasoned that weighing all the evidence together Dr. Bellotte's report was unpersuasive. Given this, the ALJ could rightfully discount Dr. Bellotte's opinion.

### B.

Sewell also contends that the ALJ's decision to discredit the opinion of Dr. Branscomb was irrational and unsupported by substantial evidence. The ALJ accorded little weight to Dr. Branscomb's opinion because it was unreasoned, equivocal, based on Dr. Bellotte's report and an inaccurate smoking history, and did not adequately explain why Triplett's asthma was unrelated to his

coal dust exposure or why Triplett's entire respiratory impairment is attributable to tobacco use.

When an ALJ explains his or her reasoning and does not rely on an impermissible basis, we must defer to her or his discretion and judgment in assessing the conflicts in the evidence. Stilner, 86 F.3d at 342. And "as the trier of fact, the ALJ is not bound to accept the opinion or theory of any medical expert." Compton, 211 F.3d at 211. The ALJ need only provide a factual basis to support his one reason for discrediting an opinion. Id. at 213 n. 13. Here, Dr. Branscomb failed to provide a reasoned explanation for why pneumoconiosis is not a contributing factor to Triplett's disability; therefore, the ALJ could rightfully discount Dr. Branscomb's medical opinion. Similarly, it was within the ALJ's province to afford greater weight to Drs. Rasmussen's and Durham's opinions.

C.

Sewell asserts that the ALJ should not credit Dr. Rasmussen's opinion because he failed to consider Triplett's smoking or asthma as the cause of the disability, based his opinion on medical journals without explaining their relevance to Triplett's claim, and failed to present a theory that meets the minimum scientific standards for expert testimony under Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

Although Dr. Ramussen did not examine Triplett, he reviewed Triplett's x-rays, pulmonary function studies, arterial blood gas studies, medical records, and Drs. Durham's and Bellotte's reports. Based on this evidence, Dr. Rasmussen concluded that Triplett's pulmonary impairment is severe, disabling, and attributable to coal mine dust exposure. Dr. Rasmussen also noted that coal mine dust exposure can produce chronic obstructive lung disease including bronchitis and emphysema. Thus, he explained that it was completely impossible to exclude coal mine dust exposure as a major contributing factor to Triplett's disability. In support, he cited several medical journals. The ALJ found Dr. Rasmussen's reasoning persuasive.

Sewell contends that the ALJ's finding is unsupported by the evidence. However, it is clear that Dr. Rasmussen considered Triplett's tobacco use and possible asthma as alternative causes of his disability. The fact that he rejected cigarette smoking and asthma as the cause of impairment does not discredit his opinion despite Sewell's arguments to the contrary. Dr. Rasmussen reasoned, in part, that Triplett remained exposed to coal mine dust for nearly twenty years after he quit smoking. We hold that there is substantial evidence in the record to support the ALJ's determination that Dr. Rasmussen's opinion is well reasoned.

Sewell maintains that the ALJ should have given Dr. Durham's opinion less weight because he lacks extensive experience in treating black lung cases and offered an equivocal opinion.

Contrary to Sewell's contentions, Dr. Durham's opinion was not equivocal. Dr. Durham stated that he was "pretty certain" of his diagnosis in response to hypothetical questions posed during his deposition. (J.A. at 66). The ALJ noted that Dr. Durham made conditional statements concerning the etiology of Triplett's pulmonary disability in response to different hypothetical situations, assorted cigarette smoking histories, and various notations from records other than his own. Dr. Durham's use of qualified language in this context does not render his opinion equivocal or unreliable. Although Durham may not have as many years experience as Dr. Bellotte, this Court has not held that a physician's opinion is entitled to less weight or discredited based on experience alone.

E.

Finally, Sewell asserts that there is insufficient evidence to support the ALJ's finding of an 18-pack year smoking history.

According to Sewell, the ALJ did not properly consider Triplett's testimony that he could have smoked more than one pack a day and the significance the distinction would have in diagnosing the cause of his disability.

It is the duty of the ALJ to make factual findings, evaluate the credibility of witnesses, and weigh contradicting evidence. Doss v. Dir., Office of Worker's Comp. Programs, 53 F.3d 654, 658 (4th Cir. 1995). When substantial evidence supports the ALJ's findings, this Court will not re-weigh the evidence. Id.

Triplett testified to smoking at least one pack and possibly one and one-half packs a day for eighteen years. Several medical records, however, indicated that he smoked cigarettes for twenty or more years. The ALJ found that even though Triplett provided varying amounts for his daily tobacco use, the amounts were not so grossly disparate as to cause the ALJ to question the credibility of Triplett's direct testimony. We hold that Triplett's direct testimony about the length and amount of his daily tobacco use provided substantial evidence to support the ALJ's finding that Triplett had an 18-pack year smoking history and we will not re-weigh the conflicting evidence.[2]

As Triplett notes, the mere fact that he suffers from conditions other than pneumoconiosis which can affect his breathing does not defeat his entitlement to benefits. Pneumoconiosis must only be a substantially contributing--not the sole--cause of Triplett's respiratory disability. 20 C.F.R. 718.204(c)(1)(2006).

---

[2]Even if we were to re-weigh the evidence, Triplett's testimony at most indicates a 27-pack year smoking history (one and one-half a day for 18 years). This remains short of a 30-pack year history, which Dr. Durham stated is the level at which he would find it hard to attribute Triplett's condition to pneumoconiosis.

And, there is sufficient evidence to establish that pneumoconiosis is substantially contributing to Triplett's disability despite his smoking history.

IV.

We conclude that the ALJ's determinations were well reasoned and adequately supported by the evidence in the record and that there was substantial evidence supporting the ALJ's conclusion that pneumoconiosis substantially contributed to Triplett's disability.

PETITION DENIED;<br>BOARD ORDER AFFIRMED