**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1611

PHYLLIS DIANE PARSONS,

                    Plaintiff – Appellant,

         v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

                    Defendant – Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   Mary E. Stanley, Magistrate Judge.  (2:10-cv-00151)

Submitted:  August 30, 2012        Decided:  October 11, 2012

Before SHEDD and DUNCAN, Circuit Judges, and Timothy M. CAIN, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

Carter Zerbe, Charleston, West Virginia, for Appellant.  Eric P. Kressman, Regional Chief Counsel, Region III, Victor Pane, Supervisory Attorney, Jordana Cooper, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Office of the General Counsel, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phyllis Diane Parsons filed for Social Security disability benefits on August 18, 2006, noting an onset date of March 1, 2005. Parsons claimed the following ailments in support of her disability claim: neuropathy, carpal tunnel, rheumatoid arthritis, bulging disc, arthritis in lower back, anemia, anxiety attacks, and acid reflux. Parsons later amended her claim to add the following ailments: pain in back and hands, depression, tendonitis in knees and feet, mood swings, lack of libido, bad memory, and fibromyalgia.

After her initial claim was denied, Parsons requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ denied Parsons' claim, concluding that she suffered from several severe impairments, including "chronic arthralgias, degenerative disc disease of the lumbar spine, carpal tunnel syndrome, peripheral neuropathy, and obesity," (A.R. 12), but that she was not disabled because she retained the residual function capacity to perform a range of light work. In reaching this conclusion, the ALJ rejected testimony from Parsons' treating physicians as "inconsistent with the treatment record and the objective evidence of record," and also found that Parsons' testimony regarding her subjective pain lacked credibility. (A.R. 21). Parsons appealed to the Appeals

2

Council of the Social Security Administration, which denied the appeal.

With her administrative route concluded, Parsons filed a civil action in federal district court in February 2010. The parties consented to proceeding before a magistrate judge, and on March 11, 2011, the magistrate judge upheld the ALJ's decision. The magistrate judge concluded that the ALJ correctly rejected the testimony from the two treating physicians and that the ALJ's decision was supported by substantial evidence. Parsons filed a timely appeal of the magistrate's order.

Our review of the ALJ's decision in an action involving disability benefits is circumscribed, and we must uphold the ALJ's factual findings if they are supported by substantial evidence and reached by applying the correct legal standard. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). "In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

3

"'Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].'"  Id. (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)).

On appeal, Parsons contends that the ALJ failed to properly understand her fibromyalgia and that substantial evidence does not support the ALJ's decision because the ALJ incorrectly rejected her treating physicians' opinions, found her mental impairments to be non-severe, and found her testimony not credible.  Having reviewed the parties' submissions, the decision of the magistrate judge, and the applicable law, we affirm substantially on the reasoning of the magistrate judge's thorough order.  See Parsons v. Astrue, No. 2:10-CV-00151, 2011 WL 1234464 (S.D. W.Va. March 30, 2011).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and oral argument would not aid the decisional process.

AFFIRMED

4