# UNITED STATES COURT OF APPEALS

UNPUBLISHED

## FOR THE FOURTH CIRCUIT

THOMAS R. JUSTIN,

*Plaintiff-Appellant,*

v.

LARRY G. MASSANARI, ACTING
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

*Defendant-Appellee.*

No. 01-1447

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Beth P. Gesner, Magistrate Judge.
(CA-00-1838-MJG)

Submitted: August 17, 2001

Decided: October 2, 2001

Before WILKINS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Stephen F. Shea, WILLONER, CALABRESE & ROSEN, P.A., College Park, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Charlotte J. Hardnett, Acting General Counsel, John M. Sacchetti, Associate General Counsel, Office of Program Litigation, Mark J. Goldenberg, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Thomas Justin appeals the magistrate judge's* order dismissing his action seeking review of the Commissioner's denial of disability insurance benefits ("DIB"). Justin applied for DIB on the basis of the restricted use of his right arm and hand subsequent to an operation. For the following reasons, we affirm.

Our review of a denial of benefits is limited to whether substantial evidence supports the Commissioner's decision and whether the correct legal standard was applied. *See Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Simply put, the Commissioner's determination of non-disability is to be upheld, even if this court disagrees, so long as it is supported by substantial evidence, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), which has been defined as more than a mere scintilla but less than a preponderance, *Smith v. Chater*, 99 F.3d 635, 637-38 (4th Cir. 1996). Essentially, the decision must rely on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and be sufficient to preclude a motion for directed verdict in a jury trial. *Id.*

Evaluation of a DIB claim requires consideration, in sequence, of whether the claimant: 1) is working; 2) is without severe impairment; 3) is without an impairment that meets or equals the requirements of a listed impairment; 4) can return to his or her past relevant work; and 5) if not, whether the claimant can perform other work. *See* 42 U.S.C.A. § 423 (West Supp. 2000); *see also* 20 C.F.R. § 404.1520 (2000). The claimant has the burden of proof as to the first four inquiries. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the Commissioner determined Justin did not suffer an impairment that

---

*The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C.A. § 636(c)(West 1993).

met the criteria of the relevant medical listings, and retained the capacity to perform both light and sedentary work.

Based on our review of the record, we find the Commissioner's determination is supported by substantial evidence. A vocational expert at Justin's hearing before an administrative law judge testified based on a hypothetical that an individual with Justin's remaining capabilities would still be eligible for at least three occupations requiring "light" exertion, and several sedentary occupations. The addition to the hypothetical of a lifting restriction specific to Justin's arm injury reduced the number of available light occupations to two, (A.R. 183), of which the Commissioner provided only one as an example of available light occupations in his decision. However, as posed, the hypothetical actually reflected a more severe set of restrictions than the Commissioner ultimately found applicable to Justin. Accordingly, we find there is substantial evidence to support the Commissioner's determination that Justin remained eligible for certain light and sedentary occupations.

Likewise, we find substantial evidence supports the Commissioner's determination that Justin's history of anxiety does not significantly impact Justin's residual functional capacity. At his hearing, Justin testified that his anxiety is troubling, but that he is capable of dealing with it on a daily basis. Moreover, Justin's anxiety did not then require him to be in therapy.

In light of these factual findings, Justin's challenge to the legal standards employed by the Commissioner in reaching his ultimate determination is meritless. In particular, Justin argues two Social Security Administration Rules ("SSRs"), an Acquiescence Ruling ("AR"), and Rule 201.00(h), 20 C.F.R. § 404, Subpt. P, App. 2 (2000), require a determination that he is disabled. However, we note Rule 201.00(h) and SSR 96-9p neither require a disability finding in those instances where they apply, *see, e.g.*, *Lauer v. Apfel*, 169 F.3d 489, 493 (7th Cir. 1999), nor are applicable to individuals who, like Justin, are eligible for both light and sedentary occupations. *See* Rule 201.00(h); SSR 96-9p, 1996 WL 374185 at *4. Justin's reliance on AR 00-3(10), even if applicable outside the Tenth Circuit, is also misplaced as it only requires an ALJ to address evident discrepancies between a vocational expert's testimony and the *Dictionary of Occu-*

*pational Titles*, and specifically declines to place an obligation on ALJs to uncover such discrepancies. *See* AR 00-3(10), 2000 WL 791321 at *3; *see also* SSR 00-4p, 2000 WL 1898704 at *2.

In light of the foregoing, we affirm the magistrate judge's order dismissing Justin's action, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*