Richard S. PRENTICE, Plaintiff

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant

No. 02–184–PC.

United States District Court, D. Maine.

April 4, 2003.

Daniel W. Emery, Yarmouth, ME, for Richard S. Prentice, Plaintiff.

Evan Roth, Office of the U.S. Attorney, Portland, ME, James M. Moore, U.S. Attorney's Office, Bangor, ME, for Social Security Administration Commissioner, Defendant.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

GENE CARTER, Senior District Judge.

The United State Magistrate Judge having filed with the Court on March 3, 2003, with copies to counsel, his Recommended Decision on Defendant's Motion for Entry of Judgment and Remand (Docket Item No. 6) in the above-entitled matter; and the time for filing objections thereto having expired without any objections having been filed; *see* 28 U.S.C. § 636(b)(1); and this Court having reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; and having made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and this Court concurring with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and having determined that no further proceeding is necessary; it is **ORDERED** as follows:

(1) The Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**.

(2) The Motion to Remand is hereby **GRANTED**.

(3) The decision of the Commissioner is hereby **VACATED**, and this case is hereby **REMANDED** for proceedings not inconsistent with the Magistrate Judge's Recommended Decision.

## *RECOMMENDED DECISION ON DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT AND REMAND*

DAVID M. COHEN, United States Magistrate Judge.

The commissioner in this Social Security Disability ("SSD") appeal moves pursuant to sentence four of 42 U.S.C. § 405(g) for entry of judgment reversing the instant case and remanding it for rehearing with the benefit of vocational-expert testimony. *See generally* Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) and Voluntary Remand of the Matter to the Commissioner ("Motion To Remand") (Docket No. 4). The plaintiff opposes the motion, seeking remand with instructions to pay benefits. *See generally* Plaintiff's Objection to Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) and Voluntary Remand of the Matter to the Commissioner, etc. ("Opposition") (Docket No. 5). For the reasons that follow, I recommend that the Motion To Remand be granted.

### I. Analysis

Sentence four of section 405(g) provides, in relevant part: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The commissioner concedes that the plaintiff suffered from a nonexertional impairment (a manual-dexterity problem)

significant enough to have undermined the administrative law judge's sole reliance on Appendix 2 to Subpart P, 20 C.F.R. § 404 (the "Grid") to establish the plaintiff' non-disability. Motion To Remand at [2]. The commissioner contends that the appropriate remedy is remand for rehearing with the services of a vocational expert; the plaintiff rejoins that his entitlement to benefits is now clear enough to warrant remand with instructions to pay benefits. *Compare id. with* Opposition at 6–7. The commissioner has the better of the argument.

The plaintiff cites Social Security Ruling 96–9p for the proposition that a person (such as himself) who is limited to unskilled sedentary work and lacks any manual dexterity of his non-dominant hand is *ipso facto* disabled. *See generally* Opposition; *see also* Social Security Ruling 96–9p, reprinted in *West's Social Security Reporting Service* Rulings 1983–1991 (Supp. 2002) ("SSR 96–9p"), at 152–61. SSR 96–9p provides, in relevant part:

> When there is a reduction in an individual's exertional or nonexertional capacity so that he or she is unable to perform substantially all of the occupations administratively noticed in Table No. 1, the individual will be unable to perform the full range of sedentary work: the occupational base will be "eroded" by the additional limitations or restrictions. However, the mere inability to perform substantially all sedentary unskilled occupations does not equate with a finding of disability. There may be a number of occupations from the approximately 200 occupations administratively noticed, and jobs that exist in significant numbers, that an individual may still be able to perform even with a sedentary occupational base that has been eroded.

> Whether the individual will be able to make an adjustment to other work requires adjudicative judgment regarding factors such as the type and extent of the individual's limitations or restrictions and the extent of the erosion of the occupational base....

> \* \* \* \* \* \*

> Lifting/carrying and pushing/pulling: If an individual is unable to lift 10 pounds or occasionally lift and carry items like docket files, ledgers, and small tools throughout the workday, the unskilled sedentary occupational base will be eroded. The extent of erosion will depend on the extent of the limitations. For example, if it can be determined that the individual has an ability to lift or carry slightly less than 10 pounds, with no other limitations or restrictions in the ability to perform the requirements of sedentary work, the unskilled sedentary occupational base would not be significantly eroded; however, an inability to lift or carry more than 1 or 2 pounds would erode the unskilled sedentary occupational base significantly. For individuals with limitations in lifting or carrying weights between these amounts, consultation with a vocational resource may be appropriate.

> \* \* \* \* \* \*

> Manipulative limitations: Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.

> Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the

unskilled sedentary occupational base. For example, example 1 in section 201.00(h) of appendix 2, describes an individual who has an impairment that prevents the performance of any sedentary occupations that require bilateral manual dexterity (i.e., "limits the individual to sedentary jobs which do not require bilateral manual dexterity"). When the limitation is less significant, especially if the limitation is in the nondominant hand, it may be useful to consult a vocational resource.

SSR 96–9p, at 156–57, 159.

The commissioner calls attention to that portion of the ruling providing that "the mere inability to perform substantially all sedentary unskilled occupations does not equate with a finding of disability." Motion To Remand at [3]. The plaintiff, pointing out that this language is not a model of clarity, advocates that the ruling as a whole be construed as instructing that in extreme cases (*e.g.*, inability to lift more than one or two pounds, inability to use one hand) use of a vocational resource is unnecessary because it is obvious that the base of unskilled, sedentary work is sufficiently eroded that the claimant should be found disabled. Opposition at 2–7.

The plaintiff's argument, predicated on a plausible reading of the language of this ambiguous ruling, has superficial appeal. Nonetheless, I decline to embrace it for three reasons: that (i) the ruling nowhere clearly directs that a claimant be found "disabled" even in the extreme situations it addresses, (ii) circuit courts of appeals considering arguments similar to that of the plaintiff have rejected them, and (iii) the commissioner clarified, in deleting example 1 of section 201.00(h) from the Grid effective September 27, 2001, that the agency has always intended that the example not be construed to direct a finding of disability.

My research reveals that at least three circuit courts of appeals have addressed arguments similar to those of the plaintiff. All three have rebuffed them. *See, e.g., Justin v. Massanari,* 20 Fed.Appx. 158, 160 (4th Cir.2001) (neither SSR 96–9p nor section 201.00(h) mandates finding of disability); *Lauer v. Apfel,* 169 F.3d 489, 492–93 (7th Cir.1999) (same); *Abbott v. Sullivan,* 905 F.2d 918, 927 (6th Cir.1990) (section 201.00(h) codifies rule that Grid may not be used to preclude finding of disability where significant nonexertional impairment exists; however, it does not direct finding of disability when case presents facts analogous to those given in examples).

The plaintiff urges the court not to draw a negative inference from the commissioner's recent deletion of example 1 from section 201.00(h), noting that the example remains cross-referenced in SSR 96–9p and the commissioner intended that the revisions not work a substantive change. *See* Opposition at 6 n.*; Federal Old–Age, Survivors and Disability Insurance; Determining Disability and Blindness; Revision to Medical–Vocational Guidelines, 66 Fed. Reg. 45,162, 45,165–66 (Aug. 28, 2001) (effective Sept. 27, 2001). While that is so, the commissioner also reveals that the agency historically construed the deleted examples (including example 1) as permissive rather than mandatory. *See* 66 Fed. Reg. at 45,164 ("We are also deleting, without replacement, the two case examples that were in prior section 201.00(h). The intent of those examples was to reinforce a concept already reflected in this paragraph: i.e., that, using the rules as a framework for decisionmaking, a conclusion of 'disabled' may be, but is not necessarily, warranted for younger individuals who do not have the residual functional capacity to do a full range of sedentary work.").

8

Inasmuch as SSR 96–9p does not clearly direct a finding of disabled in the plaintiff's case, remand with instructions for rehearing as requested by the commissioner—rather than remand with instructions to pay benefits as requested by the plaintiff—is appropriate. *See, e.g., Seavey v. Barnhart,* 276 F.3d 1, 11 (1st Cir.2001) ("A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits.") (citation and internal punctuation omitted).

## II.  Conclusion

For the foregoing reasons, I recommend that the Motion To Remand be **GRANTED**, the decision of the commissioner be **VACATED** and the case be **REMANDED** for proceedings not inconsistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

March 3, 2003.