# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MAURICE E. MEYER, III,

  *Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security
Administration,

  *Defendant-Appellee.*

No. 10-1581

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(3:08-cv-03828-JFA)

Argued: October 27, 2011

Decided: December 2, 2011

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Reversed and remanded by published opinion. Judge Motz
wrote the opinion, in which Judge King and Judge Duncan
joined.

## COUNSEL

**ARGUED:** Robertson H. Wendt, Jr., LAW OFFICES OF
ROBERTSON WENDT, North Charleston, South Carolina,

for Appellant. Jennifer Randall, SOCIAL SECURITY ADMINISTRATION, Denver, Colorado, for Appellee. **ON BRIEF:** William N. Nettles, United States Attorney, Marvin J. Caughman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Dorrelyn K. Dietrich, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Denver, Colorado, for Appellee.

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

After suffering severe injuries in an accidental fall, Maurice Eugene Meyer applied for Social Security disability insurance benefits. An administrative law judge ("ALJ") denied the claim, noting that Meyer failed to provide an opinion from his treating physician. When Meyer requested review of his claim by the Appeals Council, he submitted a letter from his treating physician detailing the injuries and recommending significant restrictions on Meyer's activity. The Appeals Council made this letter part of the record but summarily denied Meyer's request for review; thus, the ALJ's decision denying benefits became the final decision of the Commissioner of the Social Security Administration. Meyer appeals, contending that the Appeals Council erred by failing to articulate specific findings justifying its denial of his request for review. We reject that argument. The Appeals Council need not explain its reasoning when denying review of an ALJ decision. But because in this case we cannot determine, from review of the record as a whole, if substantial evidence supports the denial of benefits, we must reverse and remand for further proceedings.

I.

In December 2004, Meyer fell 25 feet out of a deer stand while hunting and suffered significant injuries. He fractured

three lumbar vertebrae, which required reconstructive surgery. He also fractured his left wrist and injured his left shoulder, requiring additional surgery. At the time of his fall, Meyer was 51 years old and owned and operated a rural feed store.

On December 13, 2004, Dr. Byron Bailey, an attending neurosurgeon at the Medical University of South Carolina in Charleston, performed Meyer's back surgery. On December 26, Dr. Bailey discharged Meyer from the hospital, and referred him for physical and occupational therapy. Dr. Bailey observed Meyer in clinic for post-surgical follow-up through the spring of 2005, and reviewed Meyer's post-operative progress through at least April 2006.

Following his surgery, Meyer underwent extensive physical therapy at the Rehabilitation Centers of Charleston, averaging between five and ten visits per month until his discharge in June 2006. At that time, Dr. Bailey referred Meyer to the hospital's pain management clinic. Dr. Arthur R. Smith, an anesthesiologist, treated Meyer in clinic with various injections that provided Meyer "short-term relief" from his pain. In August 2007, however, Dr. Smith ceased the injections, acknowledging that they failed to provide Meyer with any "long-term benefit."

On July 13, 2005, Meyer filed a claim for disability insurance benefits with the Social Security Administration. After both his initial claim and request for reconsideration were denied, Meyer requested a hearing. The ALJ heard Meyer's claim and issued an unfavorable decision on June 5, 2008.

In his opinion, the ALJ followed the federal regulations governing administrative review of Social Security disability claims, proceeding through the customary five-step sequential analysis. *See* 20 C.F.R. § 404.1520(a). Applying the first three steps, the ALJ determined that Meyer (1) had not engaged in "substantial gainful activity" since the date of his accident, (2) had the "severe impairments" of degenerative disc disease and

a history of left wrist injury, but (3) did not have an impairment "that meets or medically equals" an impairment that the federal regulations define as disabling.

As the regulations instruct, the ALJ evaluated Meyer's "residual functional capacity" before proceeding to step four. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ concluded that Meyer could perform "the full range" of "light work," which involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *See id.* § 404.1567(b). In reaching these conclusions, the ALJ found Meyer's assertion that "he suffered from constant, unrelenting" pain not entirely "credible" because it was "inconsistent with the medical evidence of record," including Meyer's "reports to his physicians, and the treatment sought and received." The ALJ relied on evidence that between August 2005 and June 2006, Meyer reported improvements in his condition, decreased pain, and less use of pain medication, and clinical observations that during this time Meyer was "in no apparent distress" and appeared "generally healthy." The ALJ also cited a June 2006 one-page physical therapy discharge form noting that Meyer "was able to perform his activities of daily living independently; had no work/recreational restrictions; and could ambulate independently." Further, the ALJ considered Meyer's testimony that he was able to drive and assist his wife in caring for their horses and dog, and evidence suggesting that Meyer continued, although to a lesser degree, to ride horseback and operate his tractor.

The ALJ emphasized that "[g]iven the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by a treating physician," yet a "review of the records . . . reveals no [such] restrictions." Meyer had asserted before the ALJ that although he sought opinions from Dr. Bailey and Dr. Smith, his treating physicians, it was their pol-

icy not to provide such opinion evidence in these types of proceedings. Meyer did submit the findings of Dr. Barry Weissglass, who, at Meyer's request, performed an independent occupational evaluation of Meyer in November 2007. Dr. Weissglass opined that Meyer was incapable of performing the functions of light work and recommended restrictions on his activities that were consistent with that finding, including that Meyer not lift more than 10 pounds and refrain from extended sitting or standing. However, the ALJ accorded Dr. Weissglass's opinion "only minimal evidentiary weight as it is inconsistent with the other evidence of record," *i.e.*, that detailed above.

Proceeding to step four of the analysis, the ALJ concluded that Meyer was unable to perform his past relevant work of operating a rural feed store or being a marine machinist. At the fifth and final step, the ALJ considered Meyer's residual functional capacity for light work, his age of 51 years, and his "limited education," and, based on the Medical-Vocational Guidelines, which take administrative notice of the availability of job types in the national economy, concluded that Meyer was not disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, R. 202.11.

After issuance of the ALJ decision on June 5, 2008, Meyer timely sought review by the Appeals Council. With his request for review, Meyer submitted new evidence not before the ALJ, including an opinion letter from his treating physician, Dr. Bailey, dated August 18, 2008. In the letter, Dr. Bailey described Meyer's back injury and surgery and explained that Meyer's "post operative course has been complicated by chronic, debilitating back pain which was anticipated due to the magnitude of his injury." Dr. Bailey opined that Meyer's "long term restrictions include no lifting greater than 10 pounds, avoid bending, stooping, squatting, and no sitting, standing or walking for more than 30 minutes without rest periods." He explained that Meyer "will continue to require frequent follow-up and medical management" and "will

[likely] require further surgical intervention in the future." At the close of his letter, Dr. Bailey noted his "agreement with the majority of [Dr. Weissglass's] findings."

On October 24, 2008, the Appeals Council denied Meyer's request for review. In doing so, the Appeals Council noted that it made Dr. Bailey's letter a part of the record. But in the Notice of Appeals Council Action, the Appeals Council "found that this information does not provide a basis for changing the [ALJ]'s decision" and so "the [ALJ]'s decision is the final decision of the Commissioner of Social Security in [Meyer's] case."

Meyer then filed this action. A magistrate judge recommended affirmance of the Commissioner's decision, concluding, *inter alia*, that Dr. Bailey's letter should be accorded only minimal weight because he was not one of Meyer's treating physicians. Meyer objected to the magistrate's recommendation but the district court entered a final order affirming the Commissioner's decision. Meyer timely noted this appeal.

As the Appeals Council properly informed Meyer, because it denied review, the decision of the ALJ became "the final decision of the [Commissioner]." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*); *see also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). We uphold the factual findings underpinning the Commissioner's final decision "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see* 42 U.S.C. § 405(g). In making this determination, we "review the record as a whole" including any new evidence that the Appeals Council "specifically incorporated . . . into the administrative record." *Wilkins*, 953 F.2d at 96.

## II.

Meyer argues that the Appeals Council erred by failing to make "specific findings of fact" as to why the new evidence

that he submitted to it—particularly, Dr. Bailey's letter—did not require reversal of the ALJ's decision. Appellant's Br. at 14-15. This argument rests on a misunderstanding of the role of the Appeals Council and misreading of our precedent.

If "dissatisfied" with an ALJ decision as to entitlement to disability benefits, a claimant "may request" that the Appeals Council review "that action." 20 C.F.R. § 404.967. When a claimant requests review of an ALJ decision, the Appeals Council "may deny *or* dismiss the request for review, *or* it may grant the request and either issue a decision *or* remand the case to [the ALJ]." *Id.* (emphases added). The Appeals Council will grant a claimant's request for review rather than deny or dismiss the request if:

    (1)   There appears to be an abuse of discretion by the [ALJ];

    (2)   There is an error of law;

    (3)   The action, findings, or conclusions of the [ALJ] are not supported by substantial evidence; or

    (4)   There is a broad policy or procedural issue that may affect the general public interest.

*Id.* § 404.970(a).

The regulations also specifically permit claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council. *See id.* §§ 404.968, 404.970(b). In such cases, the Appeals Council first determines if the submission constitutes "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." *Id.* § 404.970(b). Evidence is new "if it is not duplicative or cumulative" and is material if there is "a reasonable possibility that the new evidence would have

changed the outcome." *Wilkins*, 953 F.2d at 96. Here, the Commissioner has conceded that Dr. Bailey's letter—the only opinion from a treating physician in the record—constituted new and material evidence.[1] *See* 20 C.F.R. § 404.1527(d)(2) (providing that a treating physician's opinion is entitled to deference).

Confronted with such new and material evidence, the Appeals Council then "evaluate[s] the entire record including the new and material evidence." *Id.* § 404.970(b). After this evaluation, if the Appeals Council finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record," *id.*, it will grant the request for review and either issue its own decision on the merits or remand the case to the ALJ. *Id.* §§ 404.967, 404.977(a), 404.979. But if upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review. Contrary to Meyer's contention, nothing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review.

Citing 20 C.F.R. § 404.1527(f)(3), Meyer maintains that "[b]ecause ALJs are required to make detailed findings about

---

[1]Although Dr. Bailey did not provide Meyer with medical care at the time he wrote the letter in question, the Commissioner considers a physician to be a treating source when that physician "provides" or "*has provided*" a claimant "with medical treatment or evaluation and who has, or *has had*, an ongoing treatment relationship" with the claimant. 20 C.F.R. § 404.1502 (emphases added). The uncontroverted record evidence reveals that Dr. Bailey not only "treated" Meyer but actually performed Meyer's back surgery, observed his post-operative progress for a number of months, and made referrals for physical therapy and pain management. Thus, the magistrate judge erred in concluding that Dr. Bailey was not a treating physician whose opinion constituted new and material evidence. (The district court never considered whether Dr. Bailey was a treating physician.)

all medical evidence they consider, so is the Appeals Council." Appellant's Br. at 17-18. He further urges that an "Appeals Council *decision to deny review* when new evidence is submitted is a final decision . . . subject to judicial review." Reply Br. at 4 (emphasis added). The statutory scheme governing social security disability benefits, however, offers no support for these contentions.

Rather, the regulation on which Meyer relies, § 404.1527(f)(3), provides that "[w]hen the Appeals Council *makes a decision*, it will follow the same rules for considering opinion evidence as [ALJs] follow." (emphasis added). By its own terms, the regulation only applies when the Appeals Council actually "makes a decision," and the Appeals Council may "issue a decision" only *after* it "grant[s] the request" for review. 20 C.F.R. § 404.967. Here, the Appeals Council never granted Meyer's request for review and, thus, did not "make a decision" within the terms of the regulations.

The Appeals Council's *denial of a request for review* differs sharply from an ALJ's *decision*. Social Security regulations do explicitly require the ALJ to issue *decisions* supported by "findings of fact and the reasons for the decision." *Id.* § 404.953(a). In contrast, the regulations do not require the Appeals Council to articulate its rationale for denying a request for review. Only if the Appeals Council *grants* a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning. *See id.* §§ 404.979, 404.1527(f)(3).

Nor does our holding in *DeLoatche v. Heckler*, 715 F.2d 148 (4th Cir. 1983), assist Meyer. There, in examining a faulty ALJ decision, we noted that "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *Id.* at 150. We found fault with the ALJ's decision—not the Appeals Council's denial of review—finding that the "ALJ's failure to

make requisite findings or to articulate the bases for his con-
clusions makes our task impossible." *Id.*

In sum, the regulatory scheme does not require the Appeals
Council to do anything more than what it did in this case, *i.e.*,
"consider new and material evidence . . . in deciding whether
to grant review." *Wilkins*, 953 F.2d at 95; *see also Martinez
v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006) (finding
"nothing in the statutes or regulations" requires the Appeals
Council to articulate its reasoning when "new evidence is sub-
mitted and the Appeals Council denies review"); *Browning v.
Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992) (rejecting conten-
tion that Appeals Council must "make its own finding" and
"articulate its own assessment" as to new evidence when
denying review); *Damato v. Sullivan*, 945 F.2d 982, 988-89
(7th Cir. 1992) (holding that "the Appeals Council may deny
review without articulating its reasoning" even when new and
material evidence is submitted to it).[2]

## III.

Although the regulatory scheme does not require the
Appeals Council to articulate any findings when it considers
new evidence and denies review, we are certainly mindful that
"an express analysis of the Appeals Council's determination

---

[2]Certainly, when the Appeals Council grants a request for review and
issues its own decision, it must "articulate . . . conclusions with respect
thereto." *Jordan v. Califano*, 582 F.2d 1333, 1335 (4th Cir. 1978)
(remanding when the Appeals Council "summarily affirmed the denial of
benefits" without making any findings regarding "new items of medical
evidence"). A failure to do so constitutes "reversible error." *Myers v. Cali-
fano*, 611 F.2d 980, 983 (4th Cir. 1980) (remanding when Appeals Coun-
cil "adopted" ALJ's decision without making "specific findings" about
new medical evidence). In *Jordan* and *Myers*, unlike here, the Appeals
Council—not the ALJ—issued the Commissioner's final decision. *See* 20
C.F.R. § 404.979 (providing that the Appeals Council, when "mak[ing] a
decision," "may affirm, modify or reverse the administrative law judge
hearing decision or it may adopt, modify or reject a recommended deci-
sion").

would [be] helpful for purposes of judicial review." *Martinez*, 444 F.3d at 1207-08; *see also Damato*, 945 F.2d at 989 n.6 (noting that in "fairness to the party appealing the ALJ's decision, the Appeals Council should articulate its reasoning" when it rejects new material evidence and denies review). In view of the weight afforded the opinion of a treating physician, *see* 20 C.F.R. § 404.1527(d)(2), analysis from the Appeals Council or remand to the ALJ for such analysis would be particularly helpful when the new evidence constitutes the only record evidence as to the opinion of the treating physician. *Cf. id.* ("[ALJs] will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); *id.* § 404.977 (providing "[t]he Appeals Council may remand a case to an [ALJ] . . . [when] additional evidence is needed or additional action by the administrative law judge is required").

Of course, the lack of such additional fact finding does not render judicial review "impossible"—as long as the record provides "an adequate explanation of [the Commissioner's] decision." *DeLoatche*, 715 F.2d at 150. Thus, we have affirmed an ALJ's denial of benefits after reviewing new evidence presented to the Appeals Council because we concluded that "substantial evidence support[ed] the ALJ's findings." *Smith v. Chater*, 99 F.3d 635, 638-39 (4th Cir. 1996). Conversely, when consideration of the record as a whole revealed that new evidence from a treating physician was not controverted by other evidence in the record, we have reversed the ALJ's decision and held that the ALJ's denial of benefits was "not supported by substantial evidence." *Wilkins*, 953 F.2d at 96.

The evidence in this case, however, is not as one-sided as that in *Smith* or *Wilkins*. On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting

that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.[3]

## IV.

Accordingly, we reverse the judgment of the district court and remand with instructions to reverse the decision of the Commissioner and remand the case for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g).

*REVERSED AND REMANDED*

---

[3]We note that the record indicates that Meyer attended more than 170 physical therapy sessions after his surgery through June 2006. Following the lead of the Fifth Circuit in *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000), a case the Commissioner concedes supports Meyer, we further instruct the Commissioner on remand to "consider the effect of [this] ongoing treatment on [Meyer's] ability to remain gainfully employed during the period of claimed disability." *See also Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989) (noting that "whether [a] nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable" is a relevant inquiry in determining disability). The Commissioner should also consider whether such evaluation requires expert vocational testimony to prove Meyer "retains the ability to perform specific jobs which exist in the national economy." *See id.* at 50. The ALJ made no findings with respect to these issues.