**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1388**

NICHOLAS JAREK,

        Plaintiff – Appellant,

    v.

CAROLYN W. COLVIN, Commissioner of Social Security
Administration,

        Defendant - Appellee.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Frank D. Whitney,
Chief District Judge. (3:14-cv-00620-FDW-DSC)

Submitted: December 30, 2016      Decided: January 13, 2017

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Lynn Bishop, LYNN BISHOP, PA, Charlotte, North Carolina, for
Appellant. Jill Westmoreland Rose, United States Attorney,
Kathleen C. Buckner, Special Assistant United States Attorney,
Paul B. Taylor, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Jarek appeals the district court's order adopting the magistrate judge's recommendation and upholding the Commissioner's denial of Jarek's applications for disability benefits and supplemental security income. Our review of the Commissioner's determination is limited to evaluating whether the findings are supported by substantial evidence and whether the correct law was applied. See Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).

We have thoroughly reviewed the parties' briefs, the administrative record, and the joint appendix, and we discern no reversible error. Accordingly, we affirm the district court's judgment.* Jarek v. Colvin, No. 3:14-cv-00620-FDW-DSC (W.D.N.C. Feb. 16, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

* We note that, while the treatment records and opinion letter from Jarek's pain management specialist may have related to the relevant period considered by the ALJ, this evidence does not warrant remand. Furthermore, we conclude that the evidence submitted to the district court in support of a sentence six remand under 42 U.S.C. § 405(g) (2012) either does not relate to the relevant period or is not material. See Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011) (recognizing that evidence "is material if there is a reasonable possibility that the new evidence would have changed the outcome" (internal quotation marks omitted)).

materials before this court and argument would not aid the decisional process.

AFFIRMED