**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2381**

JOHN JACOB BOGLEY,

        Plaintiff - Appellant,

    v.

NANCY A. BERRYHILL,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Albert David Copperthite, Magistrate Judge. (1:15-cv-03105-ADC)

Submitted: December 1, 2017          Decided: December 13, 2017

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Christine P. Benagh, COLLIER-BENAGH LAW, P.L.L.C., Washington, D.C.; Elliott Andalman, ANDALMAN & FLYNN, P.C., Silver Spring, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Leah Golshani, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Jacob Bogley appeals the magistrate judge's order upholding the Commissioner of Social Security's denial of disability insurance benefits. On appeal, Bogley contends that the ALJ erred in failing to assign weight to each of the opinions of his treating physician, Dr. Paul McAfee; failing to conduct a function-by-function assessment before determining Bogley's residual functional capacity; failing to weigh two functional capacity evaluations; and finding Bogley's subjective complaints not credible. Bogley further argues that the Appeals Council erred in failing to explain its reasoning for denying review of the new evidence he submitted before the Council and that the magistrate judge erred in its treatment of the new evidence. We vacate and remand.

"We will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted).

"[T]he ALJ is required to give controlling weight to opinions proffered by a claimant's treating physicians so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (internal quotation marks omitted). When the ALJ does not give

2

controlling weight to a treating source's opinion, the ALJ must consider a nonexclusive list of factors to determine what weight to give the opinion of the treating source and all other medical opinions in the record. *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005); *see* 20 C.F.R. § 404.1527(c)(2)-(6) (2016) (listing factors). "We cannot determine if findings are unsupported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). In assessing a claimant's residual functional capacity, ALJs must "identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations" before expressing the RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Mascio*, 780 F.3d at 636 (internal quotation marks and citations omitted).

In this case, the ALJ did not discuss or assign weight to all of the opinions of Bogley's treating physician, Dr. Paul McAfee, and these opinions were inconsistent with the ALJ's determination of Bogley's residual functional capacity. Thus, we conclude that it is not possible for this court to conduct meaningful appellate review of the ALJ's decision. To the extent that Bogley complains that the Appeals Council and the magistrate judge did not properly consider the new evidence—a 2014 letter from McAfee—the letter will be considered by the ALJ on remand. *See Meyer*, 662 F.3d at 706-07 (remanding for ALJ to consider record containing new evidence and properly explain disability determination). In light of our decision to remand this matter, we decline to address Bogley's remaining claims of error.

Accordingly, we vacate the district court's order and remand with instructions to remand the case to the agency for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*