**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2424**

JULIUS LEE WILLIAMS,

                Plaintiff - Appellant,

      v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:17-cv-00016-LCB-LPA)

Submitted:  June 19, 2018                                   Decided:  June 29, 2018

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant. Maija DiDomenico, Assistant Regional Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julius Lee Williams appeals the district court's order adopting the magistrate judge's recommendation and upholding the Administrative Law Judge's (ALJ) denial of Williams' applications for disability insurance benefits and supplemental security income. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Williams' claims for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the

district court's judgment upholding the denial of benefits.[*] *See Williams v. Berryhill*, No. 1:17-cv-00016-LCB-LPA (M.D.N.C. Dec. 1, 2017). We deny Williams' motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent that Williams requests remand based on the disability determination of the North Carolina Department of Health and Human Services ("NCDHHS"), which Williams submitted to the Appeals Council, we conclude that the NCDHHS's decision does not render the ALJ's decision unsupported by substantial evidence. *See Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). We also reject Williams' contention that the district court did not spend enough time reviewing his case following its receipt of his objections to the magistrate judge's report and recommendation.